# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MITSUBISHI HEAVY INDUSTRIES, LTD.,**

               **Plaintiff,**

**-vs-**                                                      **Case No.  6:10-cv-812-Orl-28GJK**

**GENERAL ELECTRIC CO.,**

               **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **GENERAL ELECTRIC COMPANY'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM (Doc. No. 39)** |
| **FILED:** | April 15, 2011 |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part as moot**. |

## I.   BACKGROUND.

On May 20, 2010, Mitsubishi Heavy Industries, LTD, (the "Plaintiff") filed a complaint (the "Complaint") against General Electric Company (the "Defendant"), pursuant to 35 U.S.C. § 271, alleging patent infringement.  Doc. No. 1. Plaintiff alleges that it is the "owner of the entire right, title, and interest in and to the '185 patent, entitled 'Blade-Pitch-Angle Control Device and Wind Power Generator,' which was duly issued on November 18, 2008 in the

name of inventors Kazunari Ide, Yoshiyuki Hayashi, and Masaaki Shibata." Doc. No. 1 at ¶ 7. Plaintiff states that Defendant has and is directly infringing upon the '185 patent by "making, using, offering to sell, selling, and/or importing into the United States, without authority or license from [Plaintiff], wind turbines falling within the scope of one or more claims of the '185 patent." Doc. No. 1 at ¶ 8. Plaintiff requests an order finding: the '185 patent is valid and enforceable; Defendant has directly infringed upon the '185 patent; Defendant has induced the infringement of the '185 patent; Defendant has contributorily infringed upon the '185 patent; Defendant preliminary and permanently enjoined from further acts of infringement; Plaintiff is entitled to damages, supplemental damages, and attorneys' fees and costs. Doc. No. 1 at 4.

On June 25, 2010, Defendant filed an answer, affirmative defenses, and counterclaim. Doc. No. 27. On November 5, 2010, the Court entered a case management and scheduling order (the "CMO") establishing the following deadlines for the progress of the case: Motions to Amend Pleadings – October 19, 2010; Discovery – October 3, 2011; Dispositive Motions – November 1, 2011; and Trial Term – April 2, 2010. Doc. No. 32 at 1-2. On April 15, 2011, nearly six months after the deadline to amend pleadings expired, Defendant filed a Motion for Leave to Amend Its Answers and Counterclaim (the "Motion"). Doc. No. 39.

Defendant asserts that this case is part of a broader dispute between the parties regarding patents related to "modern-day wind turbines." Doc. No. 39 at 3. Defendant states that in two separate cases, it has accused Plaintiff of infringing upon Defendant's wind turbine patents. Doc. No. 39 at 3. In the Motion, Defendant requests leave to "assert the defense of unenforceability due to inequitable conduct on the part of [Plaintiff] and its attorneys and/or agents . . . during the prosecution of the . . . '185 patent." Doc. No. 39 at 1. Defendant states

that during its investigation of the '185 patent it learned that Plaintiff "affirmatively misled the U.S. Patent Office into expediting review and grant of the '185 patent, but [Plaintiff] could not, until recently, plead the defense of inequitable conduct with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. . . ." Doc. No. 39 at 4 (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

> Defendant states that it diligently investigated the prosecution of the '185 patent by:
>
> > serving [Plaintiff] with discovery requests on August 10, 2010 regarding three Japanese prior art references: Japanese Unexamined Patent Application Publication 2002-48050 ("the '050 Japanese application"); Japanese Unexamined Patent Application Publication 2002-349412 ("the '412 Japanese application"); and Japanese Unexamined Patent Application Publication 2003-83229 ("the '229 Japanese application"). . . . <u>These three references were listed in the Japanese language prosecution history for Japanese Patent Application 2003-318312 ("the '312 Japanese application") to which the '185 patent claims priority but were not disclosed to the US Patent Office examiner</u>.

Doc. No. 39 at 4-5 (emphasis added). According to Defendant, Plaintiff responded to the discovery requests in late September, directing Defendant to the file histories for the '312 Japanese application and Japanese Patent Application No. 2004-143642, and to the prosecution history of U.S. Patent Application No. 10/567,971 (the "'971 application"), which was ultimately issued as the '185 patent by the U.S. Patent Office. Doc. No. 39 at 5. Defendant asserts the discovery responses, including the file histories, were submitted in the Japanese language, and Plaintiff failed to produce copies of the three withheld prior art references. Doc. No. 39 at 5. Thus, when the October 19, 2010 deadline to seek leave to amend pleadings expired, Defendant asserts that it was still pursuing the information that ultimately provides the basis for its request to amend its answer, affirmative defenses, and counterclaim. *Id*.

At some point after October 19, 2010, Defendant obtained "English language translation of the file history of for the '312 Japanese application, along with translations of the '05, '412, and '229 Japanese patent applications." Doc. No. 39 at 6. Defendant asserts that after examining those documents, it learned that Plaintiff "had made a material misrepresentation to the U.S. Patent Office." Doc. No. 39 at 6. Defendant describes those misrepresentations as follows:

> During the prosecution of the '312 Japanese application, the Japanese Patent Office examiner cited five references which he found relevant to his examination. However, one of [Plaintiff's] attorneys, Manabu Kanesaka, falsely informed the U.S. Patent Office that "No references has been cited in the prosecution of Japanese patent application ['312]." Furthermore, upon a technical review of the '050, '412, and '229 Japanese applications, [Defendant] determined that their citation by the Japanese examiner, along with the subject matter disclosed within each reference, constituted information that a reasonable examiner would find important to their examination, which is one of the Federal Circuit's standards for determining materiality. For example, each reference relates to the same subject matter as the '185 patent, systems for controlling the pitch angle of the blades on a wind turbine, and the '050 and '229 Japanese applications were prosecuted by the same applicant as the '185 patent – the [Plaintiff]. That information was material, and [Defendant] believes that had the [U.S.] examiner known about the citation of these references by the Japanese examiner, he would not have granted [Plaintiff]'s request for expedited review under the Patent Prosecution Highway, and ultimately would not have allowed the claims as issued.

Doc. No. 39 at 6 (internal citation omitted). Defendant maintains that it was only after it reviewed those documents that it possessed "the facts necessary to plead inequitable conduct with particularity under Rule 9(b)." Doc. No. 39 at 6-7. Defendant argues that due to the particularity requirement of Rule 9(b), and its duty under Rule 11, it had good cause to wait until it had an appropriate evidentiary basis to move to amend its answer, affirmative defenses, and

counterclaim. Doc. No. 39 at 9-10. Moreover, Defendant contends that Plaintiff will not suffer any prejudice if Defendant is allowed to amend its pleading because "the parties are still early in the discovery process, no depositions have been taken, and the deadline for discovery is not until October." Doc. No. 39 at 3. Thus, Defendant requests that the Court grant the Motion and allow it to file an amended answer, affirmative defenses, and counterclaim. Doc. No. 39 at 16. Defendant attaches the proposed amended answer, affirmative defenses, and counterclaim to the Motion. Doc. No. 39-2. In the Motion, Defendant also requests oral argument. Doc. No. 39 at 1.

On May 2, 2011, Plaintiff filed a response (the "Response") arguing that the Motion should be denied because: Defendant has failed to demonstrate good cause for failing to move to amend its pleading prior to October 19, 2010; and Defendant's proposed amendment fails to meet the particularity requirement of Rule 9(b). Doc. No. 42. Plaintiff maintains that the Motion fails to establish that Defendant was diligent in pursuing the information it needed to amend its pleading because Defendant fails to "provide a single date for any of the steps of its diligent investigation. . . ." Doc. No. 42 at 2. Although Plaintiff does not dispute that the case is still in the early stages of discovery and no depositions have been taken yet, Plaintiff contends that to allow Defendant to amend its pleading at this stage of the case would "greatly prejudice" Plaintiff. Doc. No. 42 at 3. Plaintiff asserts that the Motion effectually asks the Court to "push back every deadline in this case, up through and including trial." Doc. No. 42 at 4.

On May 16, 2011, Defendant filed a reply (the "Reply") contending the Motion should be granted because "no modification of the scheduling order will result from [Defendant's] amendment," and the proposed amended answer, affirmative defenses, and counterclaim meets

the pleading requirements of Rule 9(b). Doc. No. 45. On May 25, 2011, Plaintiff filed a sur-reply (the "Sur-reply") arguing the that the Motion should be denied because the Reply failed to address Plaintiff's argument in the Response that Defendant failed to establish good cause to amend its pleading at this stage in the case. Doc. No. 51 at 1. Moreover, Plaintiff again asserts that allowing the proposed amendment will unreasonably delay the case. *Id*.

## II.   ANALYSIS.

Rules 15(a)(2) and 16(b)(4), Federal Rules of Civil Procedure, provide that party should be granted leave to amend its original pleading after a deadline imposed by a scheduling order only upon a showing of good cause, but a "court should freely give leave when justice so requires." *Id*. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotations omitted).

Although Defendant does not provide specific dates showing when it received the English translation of the '312 patent application and associated prior art references, or when exactly Defendant obtained the necessary facts to enable it to plead with particularity inequitable conduct, it seems that Defendant obtained this information after the October 19, 2010 deadline to amend pleadings.[1] In appreciation of the requirements and consequences of Rule 11, Defendant waited until it had the necessary factual predicate to move to add the affirmative defense and counterclaim based upon inequitable conduct. Accordingly, the Court finds that Defendant has demonstrated good cause to amend its pleading after the deadline.

---

[1] Defendant states Plaintiff did not make its first document production until late September and the deadline for amending pleadings was less than one month away. Doc. No. 39 at 5. At some later but unspecified date Defendant obtained the English translations. *Id*. at 6. It should be noted that Plaintiff argues Defendant was "aware of the circumstances that it now alleges to be inequitable conduct by August 11, 2010." Doc. No. 42 at 2. Yet, Plaintiff's argument is also unsupported.

Plaintiff's argument that it will suffer great prejudice if Defendant is allowed to amend its pleading at this stage of the case is not well taken. The discovery deadline does not expire until October 3, 2011, and the trial term does not begin until April of 2012. Doc. No. 32 at 1-2. Thus, the parties will have ample opportunity to engage in thorough discovery prior to the deadline.[2] Based on the forgoing, it is **ORDERED** that:

1. The Motion (Doc. No. 39) is **GRANTED in part**.

2. The Motion is **DENIED as moot** only to the extent Defendant requests oral argument; and

3. Defendant shall file the amended answer, affirmative defenses, and counterclaim within three (3) days from the date of this order.

**DONE and ORDERED** at Orlando, Florida on June 14, 2011.

Copies to:
Presiding District Judge
Counsel of Record

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant offers no specific support for why it took five months after the October 19, 2010 deadline had passed before Defendant filed the Motion, which is troubling. However, because Defendant has demonstrated good cause for not moving to amend its pleading prior to the deadline, no depositions have been taken yet, discovery is in its early stages, Plaintiff will not suffer prejudice, and in light of the policy that leave to amend should be freely given and cases should be resolved on the merits, the Court finds that the Motion should be granted.